THOMAS CHIMERI, Respondent, v. PADDOCK POOL BUILDERS, INC., Appellant.—

Bergan, P. J., Coon, Reynolds and Taylor, JJ., concur; Gibson, J., dissents and votes to affirm in the following memorandum: Other than the jurisdictional objection discussed in the majority memorandum, the only issue raised by appellant is the contention advanced as the second point of its brief that plaintiff had no right to file a note of issue prior to service of the complaint, which was, however, later served — some 39 days prior to the day of trial. It is not at all clear that the objection was raised in the court below but it may be assumed *arguendo* that it was inferentially the basis of defendant's motion "for time to answer", which was denied on the ground that the action "has been on the calendar for some time." Actually, however, the trial proceeded as a contested issue and each party introduced proof. The note of issue was in literal compliance with the statute permitting filing "subsequent to forty days after service of [the] summons" (Civ. Prac. Act, § 433); but defendant should not, in any event, be heard to object some six months thereafter and then only after the case had been reached on the calendar, had been set down for trial on a day certain (this, according to the uncontradicted statement in respondent's brief, in pursuance of defendant's request for an adjournment to that time) and had been reached for trial on that day. Further, the objection was not urged, if at all, as a motion to strike the case from the calendar but apparently in support of, and as the sole ground for defendant's application to open its default in answering, which application was made orally after denial of the motion to dismiss and in no way conformed to the legal requirements therefor, including a showing of merits, which, indeed, defendant's proof upon the subsequent trial completely failed to disclose.